UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG E. ZINN, | CASE NO. 1:20-cv-1752 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| DEFENDANT. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Darrell A. Clay (Doc. No. 18) with respect to plaintiff Craig E. Zinn's ("Zinn" or "plaintiff") complaint for judicial review of defendant Commissioner of Social Security's ("Commissioner" or "defendant") determination with respect to Zinn's application for supplemental security income ("SSI"). Zinn filed objections to the R&R (Doc. No. 19) and the Commissioner filed a response to the objections (Doc. No. 20). Upon *de novo* review, and for the reasons set forth below, the Court hereby overrules Zinn's objections.

**I.  BACKGROUND**

Zinn filed his application for SSI on May 8, 2018, alleging a disability onset date of February 2, 2015. (Doc. No. 12, Transcript at 171.[1]) Zinn's claim was denied initially and on reconsideration. He requested a hearing by an Administrative Law Judge ("ALJ"), who on August

---

[1] Page number references to the administrative transcript are to the bates numbers applied to the lower right-hand corner of each page. All other page number references herein are to the consecutive page numbers applied to individual documents by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

27, 2019, issued a decision finding Zinn not disabled. (*Id*. at 12–30.) The Appeals Council denied Zinn's request for administrative review and he sought judicial review.

On November 12, 2021, Magistrate Judge Clay issued his R&R recommending that the Commissioner's decision be affirmed.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.

Judicial review of the Commissioner's decision, however, is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If there is substantial evidence to support the Commissioner's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

### B. Analysis

Plaintiff raises a single objection to the R&R, arguing that it improperly analyzed the ALJ's conclusions regarding Zinn's use of a cane and its impact on his residual functional capacity ("RFC"). Zinn claims he needs a cane for balance and ambulation and, therefore, use of a cane as well as the limitations identified by his treating physician, Dr. Gary Kutsikovich, should have been included in the RFC. Zinn claims his need for a cane is both supported by and consistent with the record. (Doc. No. 19 at 1 (citing 20 C.F.R. § 416.920(c)(2))[2].) If that is true, it would be relevant because, as noted by the Vocational Expert ("VE") at the hearing before the ALJ, if a person needed an assistive device such as a cane to stand and/or walk, that would preclude the ability to perform the full range of light work. (Doc. No. 12 at 62.)

In his objections, Zinn asserts that "the ALJ failed to properly articulate his reasons for finding [Dr. Kutsikovich's] report unpersuasive." (Doc. No. 19 at 3 (citing *Russ v. Comm'r of Soc. Sec.*, No. 1:20-cv-1838, 2021 WL 3709916, at *9 (N.D. Ohio Aug. 20, 2021).) The Court disagrees.

It appears undisputed that Zinn began using a cane consistently in 2019 after an MRI on March 20, 2019 (ordered because of "pain in right knee") documented a right knee problem. (*See* Doc. No. 12 at 549 (finding "[s]evere patellofemoral and medial tibiofemoral osteoarthrosis").) Zinn testified at the July 2019 hearing before the ALJ that, although previously he used a cane only intermittently "when [his] knee would swell or [his] [right] hip would be bothering [him] real

---

[2] When evaluating the "persuasiveness" of all the medical opinions, the ALJ considers: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, including but not limited to evidence showing that a medical source has familiarity with the other evidence in the claim or an understanding of the agency's disability program's policies and evidentiary requirements." 20 C.F.R. 416.920c(a), (c)(1)–(5). Supportability and consistency are considered the most important of all the factors listed. 20 C.F.R. § 416.920c(b)(2).

bad," (*id*. at 47), about six to eight months prior to the hearing, he began to use it "constant[ly]" to help him rise from a seated position, for stabilization while standing, and while walking. (*Id*. at 47–48.)

At Step Two of the disability analysis, the ALJ determined that Zinn has the following severe impairments: post-traumatic headaches and seizure disorder status-post multiple concussions; chronic pain disorder, degenerative disc disease of the cervical and lumbar spine; bipolar disorder; post-traumatic stress disorder; [and] generalized anxiety disorder." (*Id*. at 18.) Although the ALJ acknowledged Zinn's obesity and "difficulty with his right knee for which he received an injection and for which he was recommended surgical intervention," (*id*.), the ALJ concluded that neither impairment was "severe" and, specifically as to the latter, that medical records throughout the relevant period consistently identified Zinn's gait as "steady" and as "normal, reciprocal pattern without assistive device." (*Id*. (record citation omitted).) The ALJ, therefore, concluded "that the non-severe effects of the claimant's right knee impairment has not imposed any documented significant limitations that would suggest exertional and nonexertional physical limitations greater than those described in Finding #4 [the RFC finding]." (*Id*. (citation omitted).)

In his subsequent discussion of Zinn's RFC, referring to the June 20, 2019 medical source statement from Dr. Gary Kutsikovich (Zinn's neurologist) wherein the doctor indicated that Zinn required a cane for ambulation at all times (*see id*. at 467), the ALJ stated that he was "not persuaded" because "the totality of the medical evidence, including [the doctor's] own treatment notes, fails to establish the extreme exertional limitations that he apparently opined." (*Id*. at 26.) In particular, Dr. Kutsikovich's treatment notes "fail to establish any neurological or

4

musculoskeletal dysfunction that would support the need for an ambulatory device." (*Id*. at 27 (citing record).[3])

Thus, notwithstanding Zinn's argument to the contrary (Doc. No. 19 at 1), the ALJ sufficiently articulated his reasons for finding Dr. Kutsikovich's report unpersuasive in light of "supportability" and "consistency," as required by 20 C.F.R. § 416.920c.

### III. CONCLUSION

For the reasons discussed above, plaintiff Zinn's objection is overruled, and the R&R is accepted. Because the Commissioner's decision was supported by substantial evidence, it is affirmed. This case is closed.

**IT IS SO ORDERED**.

Dated: January 7, 2022

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[3] The ALJ also seemed to discredit Dr. Kutsikovich's opinion because it was contained in a document where "the hand writing is not consistent throughout the report[,]" (Doc. No. 12 at 30), thereby suggesting that "his answers are unreliable based on the possibility that he may not have personally written the answer to each question on the form." *Lewis v. Colvin*, No. 3:14-cv-81, 2014 WL 7392385, at *6 (S.D. Ohio Dec. 29, 2014) (finding it "particularly troublesome" that the ALJ "relie[d] on her own handwriting analysis" to reject a treating doctor's interrogatory responses "absent some evidence the documents were altered or fraudulent"). As did the court in *Lewis*, the R&R (properly, in the Court's view) seemed to find this handwriting discrepancy to be of little significance. (*See* Doc. No. 18 at 23 ("Dr. Kutsikovich signed off on the form and it may thereby be attributed to him.") (citation omitted); *but see Gould v. Comm'r of Soc. Sec*, No. 13-cv-11624, 2015 WL 470840, at *11 (E.D. Mich. Feb. 4, 2015) (suspicion regarding the two different handwritings was reasonable and provided "good reason" for affording little weight to the treating psychiatrist's medical opinion, where the psychiatrist's name was misspelled on the name/address line of the form).)